# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LUIS ACIZAR CHAMORRO-BETANCOURT,

    Petitioner,

v.                                                Case No. 8:13-cv-259-T-30MAP
                                                    Criminal Case No. 8:06-cr-281-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## O R D E R

Petitioner's motion to vacate under 28 U.S.C. § 2255 (cv Doc. 1) challenges the validity of his conviction for conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, for which offense he was sentenced to 135 months imprisonment. The motion to vacate is time-barred.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v.*

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The Anti-Terrorism and Effective Death Penalty Act creates a limitation period for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in April 2009,[2] Petitioner's limitation expired one year later, in April 2010. Petitioner dated his motion to vacate in January 2013, which is more than two years late. Consequently, Petitioner's motion to vacate is untimely under Section 2255(f)(1).

Petitioner asserts entitlement, under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), to a delayed start of the limitation period under Sections 2255(f)(3) and (4). 2255(f)(3) provides for beginning the limitation period on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Although Petitioner filed his motion to vacate within one year of *Bellaizac-Hurtado*, that decision affords Petitioner no relief.

---

[2]On January 13, 2009, the Eleventh Circuit Court of Appeals denied Petitioner's direct appeal (cr Doc. 109), and his conviction became final 90 days later upon the expiration of the time for petitioning the United States Supreme Court for a writ of certiorari. *Clay v. United States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction..").

A delayed start of the limitation period under Section 2255(f)(3) requires the recognition of a new right by the Supreme Court. *Bellaizac-Hurtado* is a circuit court decision, not a Supreme Court decision. As a consequence, Petitioner cannot benefit from *Bellaizac-Hurtado* under Section 2255(f)(3)'s provision for a delayed start of the limitation period.[3]

Petitioner also cannot benefit from *Bellaizac-Hurtado* under Section 2255(f)(4), which provides for beginning the limitation period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The issuance of the decision in *Bellaizac-Hurtado* is not a "fact" supporting Petitioner's claims which triggers the start of the limitation period under § 2255(f)(4). *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (unpublished) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period."); *United States v. Bennett*, 2013 U.S. Dist. LEXIS 7279, *16 (W.D.N.C. Jan. 15, 2013) (unpublished) ("[B]ecause a legal decision does not constitute an actual or alleged event or circumstance, such is not a 'fact' for purposes of § 2255(f)(4)."); *Tellado v. United States*, 799 F. Supp. 2d 156, 164 (D. Conn. 2011) ("[E]ach circuit that has considered the issue has found that a legal decision that does not change any part of the petitioner's own criminal history constitutes a ruling of law and does not create a new factual predicate for a federal habeas claim.") (and cases cited therein).

---

[3] Although it will control future cases, the retroactive application of *Bellaizac-Hurtado* to a final case is controlled by Section 2255(f)(3)'s requirement that the new right is one initially recognized by the Supreme Court.

Petitioner's untimely motion to vacate is time-barred unless he can show that he was prevented from timely filing the motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence, *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), or that he is actually innocent of the crime of conviction. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).[4] Here, Petitioner has not presented any argument to establish that he is actually innocent of the crime charged,[5] or that extraordinary circumstances prevented him from timely filing his motion to vacate. Therefore, his motion to vacate is time-barred and must be dismissed.[6]

Accordingly, the Court **ORDERS** that the motion to vacate under 28 U.S.C. § 2255 (cv Doc. 1) is **DISMISSED** as time-barred. The **clerk** shall terminate the companion § 2255 motion (cr Doc.113) in criminal case No. 8:06-cr-281-T-30MSS, and close this case.

---

[4]The Court notes that Petitioner's jurisdictional challenge is not excluded from the one-year limitation period. *See, e.g., Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that jurisdictional challenges "are not exempt from § 2255's filing deadline"); *United States v. Williams*, 2009 U.S. Dist. LEXIS 92441, 2009 WL 3230399, *8 (N.D. Fla. Oct. 2, 2009) ("Jurisdiction is specifically listed as a ground for § 2255 relief, and is not excluded from [] the one year limitations period of § 2255(f)[.]"), *aff'd*, 383 Fed.Appx. 927 (11th Cir. June 21, 2010), *cert. denied*, U.S. , 131 S.Ct. 846 (2010).

[5]"Actual innocence" is factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner does not present any argument or evidence to show "factual innocence." Instead, he raises only legal arguments, to wit, this Court lacked subject matter jurisdiction, and the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501 et seq., is unconstitutional.

[6]The Court notes that in *Bellaizac-Hurtado*, the Eleventh Circuit ruled that the MDLEA, was unconstitutional as applied to the drug-trafficking activities of the defendants in that case, which occurred in the territorial waters of Panama. *Id*. at 1258. The Eleventh Circuit held that "Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id*. Here, Petitioner has not alleged that the conduct for which he was convicted occurred in territorial waters. Accordingly, *Bellaizac-Hurtado* is inapplicable to his case.

4

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred and not entitled to a delayed start of the limitation period, Petitioner cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Petitioner is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Petitioner must pay the full $455 appellate filing fee without installments unless the circuit court allows Petitioner to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on January 29, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*