UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ACIZAR CHAMORRO-BETANCOURT,

    Petitioner,

v.                                                      Case No. 8:13-cv-259-T-30MAP
                                                      Criminal Case No. 8:06-cr-281-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Before the Court is Petitioner's Motion to Dismiss the Indictment or in the Alternative for a Hearing (CV Dkt. 3) in which Petitioner argues that the Indictment should be dismissed because the Court never had subject matter jurisdiction over the offenses for which he was charged and convicted. Generally, a motion to dismiss the indictment must be made before trial. Fed.R.Crim.P., Rule 12(b)(3)(B). There are, however, exceptions to that general rule. For instance, after trial, the Court may hear a motion to dismiss asserting that the indictment fails to invoke the Court's jurisdiction. Id. The motion to dismiss, however, must be made "while the case is pending." Id.

"[A] case is no longer pending for the purposes of Rule 12(b)(3)(B) once the mandate has issued in the direct appeal." *United States v. Smith*, 419 Fed. Appx. 954, 2011 WL 1168851, at *2 (11th Cir. 2011). Petitioner filed the instant motion after the mandate issued

on direct appeal on February 11, 2009 (see CR Dkt. 109).  Consequently, this Court may not consider the motion.[1]

Accordingly, the Court **ORDERS** that Petitioner's Motion to Dismiss the Indictment or in the Alternative for a Hearing (CV Dkt. 3) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 17, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
         Counsel of Record

---

[1] Petitioner's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 challenging this Court's subject matter jurisdiction, was dismissed as time-barred (see CV Dkt. 2).